IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLAYTON DEAN ROBINSON, #211291, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:09-CV-572-MEF |
| ) | [WO] |
| TROY KING, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Clayton Dean Robinson ["Robinson"] initiated this 42 U.S.C. § 1983 complaint challenging the constitutionality of the Alabama Community Notification Act. On June 26, 2009, this court entered an order, a copy of which the Clerk mailed to Robinson. The postal service returned this order because Robinson no longer resided at the address he had provided to the court. In light of the foregoing, the court entered an order requiring that on or before July 20, 2009 Robinson inform the court of his present address. *Order of July 8, 2009 - Court Doc. No. 9*. The aforementioned order specifically cautioned Robinson that his failure to comply with its directives would result in a recommendation that this case be dismissed. *Id*. Robinson has filed nothing in response to the July 8, 2009 order. The court therefore concludes that this case is due to be dismissed.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to prosecute this action. It is

further

ORDERED that on or before August 10, 2009 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of July, 2009.

　　　　　　　　　　　　　　　　　/s/ Charles S. Coody
　　　　　　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE